ANDREW WHITE *vs.* ALBERT P. CHAPIN.

owned a tract of land comprising two lots, the first of which was drained by a ditch running across the second. He conveyed the second lot to B. by a deed of full warranty and afterwards the first lot to C. In an action by C. against B., wherein C. sought to establish a right of drainage through the ditch across B 's land by actual use for twenty years together, *Held*, that A.'s deed to B. raised such a presumption against A. and his grantee C. as to throw the burden of proof on C., in order to establish such an easement, not only of open and continuous use, but of use as of right and not by license.

TORT for filling up a ditch on the defendant's land, through which the plaintiff claimed the right to drain off water from his own land. This is the same case which formerly came before this court as reported 12 Allen, 516.

At the new trial in the superior court, before *Vose*, J., those facts substantially appeared in evidence which are recited in that report, and there was further evidence on the question whether the plaintiff had acquired by adverse use the right of drainage which he claimed, which was the sole question left to the jury. It appeared that previously to April 10, 1832, Waitstill Dickinson owned the entire tract of land, and on that date conveyed that portion of it which is now the defendant's to one Stacy, who in 1839 conveyed it to Foster Warner, who in 1842 conveyed it to Rodolphus Graves, who in 1849 conveyed it to the defendant. The other portion of it, which is now the plaintiff's, Waitstill Dickinson, on March 30, 1836, conveyed to William B. Dickinson, who on December 28, 1836, conveyed it to the plaintiff. All these deeds were deeds of full warranty. There was evidence tending to show that drainage water flowed through the ditch on the plaintiff's land into the ditch on the defendant's land without obstruction, sometimes all the year, sometimes but for part of the year, from April 10, 1832, until the defendant filled up his ditch in 1864; and there was further evidence of conversations between the plaintiff and the various owners of the defendant's land during that period, and also of acts of the plaintiff in clearing out the ditch on the defendant's land three times, once in 1837, once in 1860, and once at some intermediate time, tending to show that the plaintiff's use of it

had always been open and under a claim of right. But the de-fendant offered evidence which he claimed tended to show that this use was not adverse, but was by mutual agreement between the successive owners of his land and the plaintiff, and was for their mutual accommodation.

On all this evidence the judge instructed the jury that " in order to establish the easement claimed the plaintiff must satisfy them that he had used the ditch upon the defendant's land for the purpose of draining the water from his own, for a period of at least twenty years prior to the obstruction by the defendant, continuously, uninterruptedly, openly and under a claim of right; that it was not necessary that the plaintiff had, during such use, asserted his right so to use the ditch in words or by any formal declaration ; and that it was competent for them to infer from the fact of an uninterrupted, open and continuous use for twenty years of the ditch on the defendant's land, with the knowledge of the owners of the defendant's estate, that such use was adverse and under a claim of right, unless upon the evidence they should be satisfied that this use of the ditch for the purpose of drain-age was by the indulgence and license of the owners of the de-fendant's land."

The defendant then asked the judge to rule that " if Waitstill Dickinson, having title to both estates till April 10, 1832, then conveyed by warranty to Stacy the lower estate, that fact is im-portant and material as showing that there is no presumptive or *prima facie* evidence that the drain existed under a claim of right, or was from that time forth used under an adverse claim of right." But the judge refused to do so, and instructed the jury that " the right claimed by the plaintiff was to be deter-mined by the acts and conduct and declarations of the several owners of the respective lands of the plaintiff and defendant as to those ditches and the lands drained by them since April 10, 1832, when Waitstill Dickinson, the then owner of both lots of land, conveyed to Stacy the land now of the defendant, and that the acts or declarations of Waitstill Dickinson in the manage-ment and use of these lands and drains while he remained the owner of both estates were not to be considered by the jury in

determining the existence of the right now claimed by the plaintiff, and his acts were only material and competent in this re spect occurring after he had conveyed to Stacy."

A verdict was returned for the plaintiff, and the defendant alleged exceptions to all the rulings of the court, and to its refusal to rule above stated.

*C. Delano*, ( *S. E. Fairchild*, of Connecticut, with him,) for the defendant. Upon the new fact, now first disclosed, of Waitstill Dickinson's deed of warranty to Stacy, the plaintiff starts with no *prima facie* advantage, and the judge below should have so instructed the jury, and that the fact of such warranty was both material and important. It estopped Waitstill Dickinson from setting up any title as then held adversely. *Stearns* v. *Hendersass*, 9 Cush. 501. *Carbrey* v. *Willis*, 7 Allen, 364. Under the warranty, the existing user being non-adverse, is presumed to continue so, till some new, open and hostile assertion of title takes place, well understood to be such by Stacy and those claiming under him. *Smith* v. *Miller*, 11 Gray, 145. The burden is thus thrown on the plaintiff and his predecessor of showing that their title commenced by some adverse act sufficient to warn the defendant that the warranty was no longer in force. As there was no easement of necessity impliedly reserved in his deed to Stacy, Waitstill Dickinson could not transmit to his successors any such easement. *White* v. *Chapin*, 12 Allen, 518. *Carbrey* v. *Willis, ubi supra.*

*W. Allen, Jr.*, for the plaintiff. The case assumes that Waitstill Dickinson, at the time of his conveyance to Stacy, had no right to the easement, and had not begun to acquire one, and that his title to it is by a presumed grant from the owner of the land subsequent to the deed to Stacy. It is immaterial whether that deed is with warranty or not, because the instructions of the judge carefully restricted the plaintiff to a title acquired under it, and not adversely to it. It cannot operate as an estoppel, nor as a covenant or agreement or declaration that the grantor will not occupy adversely. The utmost effect it can have is as an admission, made before the adverse user commenced, that he did not then have the right It only created the relation under

which the one party might acquire a title by use adverse to the other. It did nothing to qualify or characterize such future use If it is taken as an admission by Dickinson that he then had no right to the use of the ditch as against Stacy, that would not show that the subsequent use was not under an adverse claim of right. *Stearns* v. *Hendersass*, 9 Cush. 497. *Ashley* v. *Ashley*, 4 Gray, 197. *Carbrey* v. *Willis*, 7 Allen, 364. But however the character of Dickinson's user may have been affected by his deed, that was personal to him, and could not affect the twenty-eight years of uninterrupted, open and continuous use by the plaintiff himself.

CHAPMAN, J. The deed of Waitstill Dickinson to Stacy established the relative rights of the parties at the time of its execution ; and it does not appear, nor does the plaintiff contend, that any easement for drainage was reserved to the grantor arising out of necessity. The deed also raised a presumption against Dickinson and his grantees, not only as to a subsequent claim of a right of drainage, but as to the subsequent use of such an easement ; so as to throw the burden of proof upon the plaintiff in this case to satisfy the jury not only that such an easement had been openly and continuously used for twenty years, without interruption, but had been used as of right, and not by license.

The judge instructed the jury that this burden was upon the plaintiff; and if the request for instructions did not mean more than this, it was substantially complied with. If it went beyond this, it was properly refused, for this was all that the defendant could claim. We think the instructions were sufficient, and were in conformity with the principles which are fully stated in the decision of the case 12 Allen, 516.

The instructions as to what acts and declarations would be sufficient to constitute an adverse user under claim of right were also sufficient. The uninterrupted flow of the stream from the plaintiff's land, through the ditch, was itself a material fact. The acts and conversations respecting the cleaning out of the ditch were to be taken in connection with it, and we think the verdict was rendered upon sufficient evidence.

*Exceptions overruled.*